IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNARD S. LEVI,** | : | **CIVIL NO. 1:CV-05-1533** |
| Petitioner | : | |
| | : | **(Judge Rambo)** |
| v. | : | **(Magistrate Judge Blewitt)** |
| **RONNIE HOLT,** | : | |
| Respondent | : | |

### MEMORANDUM AND ORDER

### I. Background

On August 1, 2005, Petitioner Bernard S. Levi, an inmate at the Federal Correctional Institution at Schuylkill, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He subsequently filed a motion to amend which was granted. The petition and amendment allege that a disciplinary hearing was in violation of his Fifth Amendment due process rights; that the sanctions imposed by DHO were retaliatory and excessive; that he was illegally detained in the SHU after the expiration of his disciplinary sanctions due to retaliation and harassment; and that the evidence against him at his disciplinary hearing was insufficient to find him guilty of the charge in the incident report and he was charged with the wrong offense.

On December 30, 2005, Petitioner filed a second motion for preliminary injunction and temporary restraining order. No brief was filed in support of the motion. In that motion, Petitioner seeks to have a prison officer, Mr.

Feger, reassigned out of Petitioner's living quarters. Both motions were addressed in a report filed by Magistrate Judge Blewitt that recommended the non-habeas claims of the petition be dismissed and the remaining issues of the petition and second motion for injunctive relief be denied. Petitioner has filed objections to the report and recommendation to which Respondent has filed a brief in opposition.

## II. Discussion

### A. Second Motion for Preliminary Injunction and Temporary Restraining Order

The magistrate judge could have summarily dismissed the second motion for preliminary injunction and temporary restraining order for Petitioner's failure to comply with Middle District Local Rule 7.5 (requiring a brief in support of a motion); however, the magistrate judge addressed the motion on the merits. Petitioner claims that some inmates told him that Mr. Feger made a statement that "Mr. Levi won't be coming on this compound while I'm an officer here." (Doc. 34, p. 1.) Petitioner claims that because of this alleged statement, Mr. Feger is in a position to possibly sort through his legal mail and remove documents. His claims are based on hearsay, are speculative, and show no immediate danger of sustaining real harm or permanent injury. "A failure to show a likelihood of success or failure to demonstrate irreparable injury must necessarily result in the denial of preliminary injunction." *In re Arthur Treacher's Franchise Litigation*, 689 F.2d 11137, 1143 (3d Cir. 1982). Therefore, the motion for preliminary injunction will be denied.

### B. Non-habeas Claims

In his habeas petition, Petitioner makes claims that relate to the conditions of confinement in the SHU as well as his extended confinement beyond

2

his segregation time.  These are not core habeas claims but are cognizable in a civil rights action.  These claims will be dismissed.

### C. Disciplinary Hearing

The issue to be addressed is whether Petitioner was afforded his due process rights in accordance with *Wolff v. McDonnell*, 418 U.S. 539 (1974).  Due process requires that a prisoner receive written notice of the charges against him no less than twenty-four (24) hours before the hearing; that he be given a written statement by the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken; that the prisoner be afforded a right to call witnesses and present documentary evidence in his own defense; and that an illiterate inmate be entitled to help from a fellow inmate.  *Id.* at 564-571.  All of these rights were afforded or met or waived by Petitioner.

Petitioner's base argument is that he was found guilty without sufficient evidence and that he was charged with the wrong offense.  Petitioner was charged with engaging in a sexual act.  Petitioner argues that he was not caught in a sexual act with another inmate, he did not expose himself, and he did not make a sexual gesture or advance to anyone.  He claims he should only have been charged with disruptive behavior.

Mrs. Feger, the eyewitness, testified at the disciplinary hearing, that she saw Petitioner looking at her with his hands on his penis and that his penis was visibly erect and protruding in his pants.  The greater weight of the evidence is sufficient to support the DHO's finding that Petitioner was engaged in a sexual act. The findings of the magistrate judge will be adopted.

### D.  **Documents Filed After the Report and Recommendation**

Subsequent to the filing of the report and recommendation, Petitioner filed the following documents: petition for writ of mandamus and motion to amend said petition (docs. 40 & 41); an emergency motion for a preliminary injunction and temporary restraining order (doc. 43); a traverse to Respondent's objection to Petitioner's fourth motion for preliminary injunction (doc. 45); and a motion to dismiss Respondent's response to Petitioner's objection to the magistrate judge's report and recommendation (doc. 46).

Petitioner's motion for a writ of mandamus is directed to this court to issue a writ against itself.  Any motion seeking to compel this court to act should be filed pursuant to Federal Rule of Appellate Procedure 21.  In addition, even after at least three admonishments from the court (*see* docs. 23, 33, and 35), Petitioner has failed, once again, to file a brief in support of his motion for writ of mandamus.  As such, the motion for writ of mandamus will be deemed withdrawn.

In his fourth motion for preliminary injunction and temporary restraining order, Petitioner claims he is not receiving his mail, a magazine, or photocopies of his legal materials.  He also complains about the conditions of his cell.  Once again, he has not filed a supporting brief.  In essence, Petitioner claims he is being denied access to court and complains about prison conditions, neither of which are cognizable in his 28 U.S.C. § 2241 case.  The motion will be dismissed.

The motion to dismiss Respondent's response to Petitioner's objection to the report and recommendation will be deemed moot in light of this court's disposition of the habeas petition.

**III. Order**

        **IT IS THEREFORE ORDERED THAT**:

    1) The court adopts the report and recommendation of Magistrate Judge Blewitt.

    2) The petition for writ of habeas corpus is denied.

    3) The amended habeas claims relating to the conditions and length of Petitioner's SHU confinement are dismissed.

    4) The motion to dismiss Respondent's response to Petitioner's objection to the magistrate judge's report and recommendation is deemed moot.

    5) The petition for writ of mandamus is deemed withdrawn.

    6) The Clerk of Court shall close the file.

                                s/Sylvia H. Rambo
                                  SYLVIA H. RAMBO
                                  United States District Judge

Dated: March 9, 2006.