IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERNARD S. LEVI,** : | CIVIL NO. 1:CV-05-1533 |
| Petitioner : | (Judge Rambo) |
| v. : | (Magistrate Judge Blewitt) |
| **RONNIE HOLT,** : | |
| Respondent : | |

## **MEMORANDUM AND ORDER**

On March 9, 2006, this court issued an order which adopted the report and recommendation of Magistrate Judge Blewitt; dismissed the petition for writ of habeas corpus; dismissed the amended habeas claims relating to the conditions and length of Petitioner's SHU confinement; deemed moot Petitioner's motion to dismiss Respondent's Response to Petitioner's objection to the report and recommendation; and deemed withdrawn the petition for writ of mandamus. On March 16, 2006, Petitioner filed a motion for reconsideration which largely repeats his arguments previously stated in the case. Petitioner cites no manifest error of law or fact nor does he cite to new evidence or new law that would cause this court to reconsider its ruling. The fact that Petitioner may be dissatisfied with the court's rulings in the case is not a proper reason for filing a motion for reconsideration.

A motion for reconsideration is not to give a litigant a second bite of the apple to reargue his position. It is well settled that a court will grant a motion for reconsideration only "to correct manifest errors of law or fact or to . . . [consider] newly discovered evidence." *Harsco Corp v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.

1985), *cert. denied*, 476 U.S. 1171 (1986).  Thus, unless new evidence has come to light which, had such evidence been discovered previously, could have affected a court's decisions, or unless the law on an issue has changed since the court's consideration of that issue, a motion for reconsideration is not proper.

Accordingly, **IT IS HEREBY ORDERED THAT** the motion for reconsideration is **DENIED**.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  March 16, 2006.